FILED
SUPERIOR COURT
OF GUAM

2023 FEB -3 PM 4: 40

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

|  |  |  |
|---|---|---|
| | ) | PROBATE CASE NO.: PR0119-07 |
| | ) | |
| | ) | |
| IN THE MATTER OF THE ESTATE | ) | DECISION AND ORDER GRANTING |
| | ) | IN PART AND DENYING IN PART |
| | ) | PETITIONER'S SECOND AMENDED |
| OF | ) | PETITION FOR FINAL DISTRIBUTION; |
| | ) | AND GRANTING SOON'S ESTATE |
| JAMES RALPH CHARGUALAF, | ) | ADMINISTRATIVE FEES |
| | ) | |
| | ) | |

## I.    INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on October 27, 2022 for a hearing on the Second Amended Petition for Final Distribution (the "Petition") filed on August 19, 2022 by Administrator Rick Allan Cruz (the "Petitioner"), and to address the Partial Objection by the Estate of Soon Dae Chargualaf (hereinafter "Soon" or "Soon's Estate"). Soon was the former administrator of the Estate of James Ralph Chargualaf (the "Estate") and is now deceased. Attorney William Benjamin Pole appeared on behalf of Soon. The Petitioner was present along with his attorney Peter F. Perez. The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the Petition, the Partial Objection, the parties' oral arguments, the underlying record, and the case law and statutes, the Court hereby issues the following Decision and Order.

## II. BACKGROUND

James Ralph Chargualaf (the "Decedent") and Soon married on January 23, 2001. Decedent died intestate on December 3, 2006. Soon was appointed administrator of the Estate on November 7, 2007. Before the Decedent's estate could be distributed, Soon died intestate on September 12, 2010. Subsequently, on July 14, 2011, Rick Allan C. Cruz was appointed the administrator of the Estate. The Administrator is the husband of Denise Chargualaf Cruz, sister of the Decedent. In addition to Soon and the Decedent's sister, two other siblings (or their estate) assert claims over the Estate: Jeffrey William Chargualaf and the Estate of Paul Vincent Chargualaf.

Petitioner requests that the Estate's assets, consisting of undivided ¼ interests in two pieces of real property and the proceeds from a land sale be apportioned and distributed. The Petition also calls for the statutory administrative fee in the amount of $5,602.19 be paid exclusively to the current Administrator. Soon does not object to the distribution set forth in the Petition, only to the apportionment of the administrator's fee. The sole objection is that the administrative fee should be split equally between the current Administrator and Soon since she was a previous administrator. For support, Soon points to 15 GCA § 2803 and this Court's previous Findings of Fact and Conclusions of Law (hereinafter the "FFCL") issued on March 23, 2021 that found in pertinent part:

> f. In its previous Decision and Order Re: Objection to Petition for Final Distribution (Oct. 28, 2013) in this case, this Court held that "[a]s a matter of law, the Estate of Soon Dae Chargualaf is entitled to a share of the fee owing to the personal administrators" because she "served as administrator of Decedent's Estate from November 7, 2007 until her death on September 12, 2010. After her death and since July 14, 2011, Petitioner has served as the successor administrator." Decision and Order at p.6.

g. Also in its previous *Decision and Order*, the Court rejected Han's request to either allocate the full amount of the administrator's fee to the Estate of Soon Dae Chargualaf or to impose sanctions upon Petitioner under Guam R. Civ. P. 11. The Court determined that there was insufficient evidence to support either a sanction or a denial of Petitioner's right to statutory administrator's fees. Therefore, Petition is entitled to his share of the Statutory Commission as set forth in section h, below.

h. 15 G.C.A. § 2803 states that "if there are two or more personal representatives, the compensation shall be apportioned among them by the Superior Court according to the services actually rendered by each." Neither party has proffered any support to deviate from the provisions of Section 2803; therefore, the Court apportions the Statutory Commission equally between the Petitioner and the Estate of Soon Dae Chargualaf, as permitted in 15 G.C.A. § 2803(a).

FFCL at 11-12 (Mar. 23, 2021).

At the hearing, the Petitioner argued that "all the first administrator did was open up the estate and that was it" and pursuant to 15 GCA § 2803, that "doesn't justify" the 50% allocation. Hr'g Tr. at 2:34 PM (Oct. 27, 2022). Instead, the Petitioner asserts, Soon "should not be entitled to any apportioned fee of the administrator." Pet'rs' Reply Br. at 2 (Oct. 17, 2022). Soon countered that the FFCL and its above-quoted language became "a final appealable judgment" pursuant to 15 GCA § 3433 for the purposes of this issue and that the Petitioner's time to appeal expired. *Id.* at 2:42 PM. Soon also disputed the Petitioner's claim that there was no value to her opening the estate. *See* Hr'g Tr. at 2:37 PM.

At its crux, Soon's argument is that this Court's FFCL allocating the administrator's fee is binding and settled. The Court turns first to address this issue and then, if appropriate, whether a different allocation of the statutory administrative fee is indeed warranted.

## III.    DISCUSSION

Trial courts in the Superior Court of Guam exercise only "a limited probate jurisdiction when convening as probate courts." *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 17. As such, "[a] probate

court has only those powers granted by the probate code as well any legal or equitable powers necessary to exercise its function." *Id.* Upon "the petition of the personal representative," this Court has jurisdiction to determine and direct the instant deposition of the Testator's estate by settlements of accounts and final distribution. 15 GCA § 2221. It is generally appropriate to seek guidance from California case law when interpreting Guam's probate code since Guam's probate code was adopted from California's probate code. *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 17 ("Because the Guam Legislature enacted a probate code substantially similar to the California Probate Code in 1953, we look to California case law for interpretation."); *Matter of Estate of Ulloa*, 2020 Guam 1, n. 6 ("As we have done previously, we look to California case law to aid in our interpretation of Guam's probate code.").

**A. The Court's FFCL is not yet binding and the Court is free to reconsider the issue of apportionment of the administrator's fees at its discretion.**

Soon's argument that this Court's FFCL is a final judgment and therefore binding upon this Court seems contrary to Guam Supreme Court precedent. The Guam Supreme Court addressed a similar issue in *In re Estate of Ulloa*, 2020 Guam 1. There, the probate court had previously issued an Order After Hearing and a Decision and Order and the party argued that the filings were final on that particular issue, a no-contest clause, and since the opposing party had not timely appealed them, the issue was time-barred. *See id.* at ¶ 13. Like Soon with the statutory administrator's fees, the party there was "effectively insinuat[ing] that the probate court had decided how the no-contest clause should be interpreted." *Id.* The Guam Supreme Court discarded the argument—pointing out that the orders did not relate to the no-contest clause—but that even if they did, the orders were not final and appealable. *See id.* at ¶ 14. The court clarified that "[o]rdinarily, for an order to be final it must 'dispose[] of the entire case by determining the rights

in an action' " and since "that [was] not the case [t]here," then the issue had not been conclusively adjudicated and thus neither was it time-barred. *Id.* (quoting *Portis Int'l, LLC v. Marquardt*, 2018 Guam 22 ¶ 5). Similarly, the FFCL here is not a final judgment because it does not dispose of the entire case by determining all the rights in the action. That occurs whenever this Court issues the order of decree of final distribution that, "when it becomes final, is conclusive as to the rights of heirs, devisees, and legatees." 15 GCA § 3013.

Until then, "[i]nterlocutory orders are subject to reconsideration by the court at any time." *Guam Housing and Urban Renewal Authority v. Pacific Superior Enterprises Corp.*, 2001 Guam 8 ¶ 13. "An interlocutory order is one 'which does not finally determine a cause of action but instead decides only an intervening matter.' " *In re Magno*, 216 B.R. 34, 38 (9th Cir. BAP 1997) (quoting *In Re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995)). Much like the Guam Supreme Court in *Ulloa*, the Ninth Circuit found that "[t]o become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment." *Id.* The California Supreme Court similarly determines when a filing is merely interlocutory. *See Erickson v. Boothe*, 216 P. 2d 454, 455 (Cal. 1950) ("It is manifest that the judgment is merely interlocutory and was so intended because the court contemplated that further judicial proceedings would be necessary in this action before there would be a final adjudication of the matter."). Upon these confines, it is clear that the Court's FFCL was merely interlocutory. The Court concluded its FFCL by ordering *inter alia* "that the Administrator resolve the Cruz claim" and "submit legal authority to this Court" for a distinct issue. *See* FFCL at 17. The Court then advised the parties that a "hearing may be set by this Court for oral argument, or the Court may take the matter under advisement as appropriate." *Id.* at 18. The Court's contemplation of

further proceedings demonstrated that the litigation was anything but over. As such, the FFCL was not a final judgment but merely interlocutory and the Court is free to reconsider the apportionment of the administrators' fee.

### B. The splitting of the Administrator's fee equally is appropriate pursuant to 15 GCA § 2803.

15 GCA § 2803 states that "[i]f there are two or more personal representatives, the compensation shall be apportioned among them by the Superior Court according to the services actually rendered by each." The Petitioner argues Soon is entitled to nothing because of "her mismanagement" on one hand and, on the other hand, because she did not perform any administrative duties other than open up the probate. Pet'r's Reply Br. at 2. Meanwhile, Soon argues she's entitled to "no less than 25% but will agree to 50%" because "to say that there is no value of opening the probate and working on it would not be true." Hr'g Tr. at 2:37 PM, 2:40 PM.

The Petitioner cites to *Ord v. Little*, 3 Cal. 287 (Cal. 1853) in support of his argument that Soon should receive zero dollars. He claims that the case, in "[e]xamining the California Probate Code § 902 that is the source of 15 GC[sic] §2803," establishes "[t]he standard for this issue of any apportionment." Pet'r's Br. at 2. (Oct. 17, 2022). However, *Ord* was not examining CPC § 902 as said statute did not even exist in 1853, when the opinion was published. Neither is CPC § 902 the source for 15 GCA § 2803. That honor falls to CPC § 901. Therefore, the more persuasive cases are those where California Courts interpret that statute. *People v. Camacho*, 2015 Guam 37 ¶ 25 ("We may look to the persuasive authority of case law interpreting similar statutes for guidance."); *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 16 ("Guam courts have considered courts of other states interpreting statutes similar to the law of Guam to be persuasive authority.").

One such case is *In re Roberts' Estate*, 162 P. 2d 461 (Cal. 1945), a California Supreme Court case that soundly rejects Petitioner's argument that the Soon deserves nothing because of an alleged mismanagement of the estate. "It is settled . . . that an executor does not lose his right to the statutory compensation because he is guilty of mismanagement of the estate. He 'should be charged with losses resulting from his default or neglect, and allowed his commissions.' " *Id.* at 465 (quoting *In Re Carver's Estate*, 55 P. 770, 771 (Cal. 1898)). Thus, though Petitioner fails to provide any evidence of mismanagement, even if mismanagement occurred it would not be grounds for awarding the Petitioner the full fee at Soon's expense.

Petitioner's next argument is that that "all the first administrator did was open up the estate and that was it" and pursuant to 15 GCA § 2803, that "doesn't justify" the 50% allocation. Hr'g Tr. at 2:34 PM. It is true that the statute "expressly states that the court shall apportion the fees according to the services *actually* performed." *Dobbins v. Title Guarantee & Tr. Co.*, 22 Cal. 2d 64, 67 (Cal. 1943) (emphasis added). However, the Court disagrees with the Petitioner's characterization of the value of the services performed by Soon. "As the statute makes clear, it is for the trial court . . . to ascertain what services were actually rendered by each administrator and to apportion the administrator's commission accordingly." *Estate of Downing*, 134 Cal. App. 3d 256, 268 (Cal. Ct. App. 1982). This Court does so by looking at "all the records before [it], to fix and determine what fees are proper." *In re Gonzalez' Estate*, 209 P. 2d 21, 23 (Cal. Ct. App. 1949).

The record demonstrates that Soon opened this probate and remained as administrator for a period of about three years. In the interim, Soon performed many services in the interest of the estate. Notice of hearings were posted on bulletin boards throughout Guam repeatedly. *See* Decl.

of Posting (Oct. 17, 2007); *See* Decl. of Posting (Feb. 28, 2008). A notice to creditors was issued. *See* Notice of Creditors (Nov. 7, 2007). Soon seemingly ordered a land property valuation after there was a dispute as to the value of the property and negotiated a settlement for a claim against the estate. *See* Hr'g Tr. (Aug. 27, 2009). The Court does not agree that these actions performed by Soon before her death were without value. The Court has merely to analyze is its own record as no evidence of expenditures or other proof of amount entitled to have been submitted by either party even though the Court has been requesting them since at least 2013. *See* Decision & Order at 7 (Oct. 28, 2013) ("A Status hearing in this case is scheduled for December 5, 2013 at 10:00 a.m., during which time . . . the Estate of Soon Dae Chargualaf, shall present evidence in support of the Estate's request for fees under 15 GCA § 2803(a)."). The time to present such evidence has come and gone:

> The claim to the apportionment or a certain share of the compensation by one co-executor, is the basis of his cause of action which may be determined in probate. One of the grounds for his claim may be the proportion of the services performed by him, another may be an agreement with his co-representative on the subject. *He has only one cause of action and must present all of his grounds at the first hearing thereon. Any grounds he fails to present, but could have, and did not, may not furnish a basis for a second action.*

*Dobbins*, 22 Cal. 2d at 71 (emphasis added).

Thus, without more, the Court's own records demonstrate Soon performed various valuable actions on behalf of the Estate before her death, and her estate is now entitled to half of the administrator's fee pursuant to 15 GCA § 2803 for her services rendered.

//

//

//

## IV.   CONCLUSION

The Petition is **GRANTED** with respect to the distribution of property of the Estate as proposed therein. However, the Petition is **DENIED** to the extent that seeks to apportion none of the administrator's fee to Soon's Estate, as previously ordered by this Court in its FFCL pursuant to 15 GCA § 2803. Instead, the Court **GRANTS** Soon's Estate her portion of the administrator's fee in the amount of Fifty Percent (50%) of such fee.

Petitioner is ORDERED to submit a Final Decree consistent with the Court's Decision herein within Thirty (30) days of the issuance of this Decision and Order.

SO ORDERED this **2/3/2023**                .

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam